The Honorable Sharon Priest Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Ms. Priest:
This is in response to your request for an opinion on the following questions:
 1. Is it necessary to hold a special election to fill a vacancy in office for a member of the General Assembly if only one person has qualified to have his name placed on the ballot?
 2. If the answer to the first question is "no," what is the procedure to cancel a special election that has already been set?
It is my opinion that the answer to your first question is "yes." A response to your second question is therefore unnecessary.
This conclusion is based primarily upon the absence of any authority for not holding an election in that instance. When coupled with the various statutory directives concerning preparation of the ballots and notice of elections, as well as specific authority found in other election contexts, this absence of authority is, in my opinion, determinative of the question.
Arkansas Code Annotated § 7-5-208(f)(1) (Supp. 1995) requires that "[e]very ballot shall contain the name of each candidate who has been nominated or has qualified in accordance with law for each office." Seealso A.C.A. § 7-5-207(a) (Repl. 1993) (requiring that "[a]ll election ballots . . . shall contain in the proper place the name of every candidate whose nomination for any office to be filled at that election has been certified to the commissioners. . . .") With regard, specifically, to unopposed candidates, § 7-5-208(f)(2) provides in relevant part:
 However, the names of all unopposed candidates for offices for which no notice has been filed within the time prescribed in § 7-5-205, [regarding write-in candidates] . . . shall be grouped together on the ballot indicating the office and the name of the unopposed candidate for each office in a single column. At the top of the list of the names of all unopposed candidates shall appear on the ballot the words `Unopposed Candidates', and to the right thereof shall be a square in which the voter may cast a vote for all the candidates by placing an `X' in the square.
A.C.A. § 7-5-208(f)(2)(A) (Supp. 1995) (emphasis added).
Although the primary purpose of such grouping of unopposed candidates is to permit the voter to cast one vote for all, as those votes are not tabulated[1] (see A.C.A. § 7-5-315(1)), the fact remains that specific provision is made under the general election laws for the listing of all unopposed candidates on the ballot. This stands in stark contrast to the provision in the laws governing primaries for the omission of unopposed candidates' names from the primary ballot. Arkansas Code Annotated §7-7-304(c) (Repl. 1993) states:
 When only one (1) candidate qualifies for a particular office or position, the office or position and the name of the unopposed candidate shall be omitted from the ballot in all primary elections, and the candidate shall be certified as the nominee of the political party for the particular office or position in the same manner as if the office and candidate had been voted upon at the primary election.
Specific authority for certifying unopposed candidates without election is found, moreover, in A.C.A. § 14-123-303 (1987), involving levee improvement districts. Section 14-123-303 provides as follows:
 (a) In all elections held within this state for the election of directors or commissioners of any levee district, the names of unopposed candidates shall not be printed on the ballot, and the election commissioners of the county shall certify as elected the person who qualifies for the office.
 (b) In the event all of the candidates within the county are unopposed, no election shall be held in the county. The person qualifying for the office shall be certified by the county board of election commissioners as the duly elected director or commissioner of the district and shall receive from the county board of election commissioners a certificate of election to the office.
I am unable to conclude, in light of the above provisions, that authority exists for dispensing with the need for a special election in the event only one person has qualified. Indeed, it may reasonably by concluded that the legislature could easily have granted such authority or provided some procedure in this regard had it so intended. Instead, provision has merely been made for grouping the names of unopposed candidates together.
Consideration must also be given, finally, to the requirements with respect to the time of special elections and the sheriff's duties in connection with public notice thereof. In accordance with A.C.A. §7-5-103 (Repl. 1993), all special elections "shall be held at the time specified in the proclamation issued by the appropriate constituted authority. . . ." The sheriff is required, under A.C.A. § 7-5-202(a) (Repl. 1993), to give public notice by proclamation "ten (10) days before the holding of each special election . . . of the time and several places of holding the elections in his county, and the officers to be elected at that time." A copy of the proclamation must be posted at each polling place and published "at least five (5) days prior to a general or special election. . . ." Id. at subsection (b). These requirements appear to be mandatory. I cannot conclude, in the absence of some statutory authority for not holding the election, that the responsible officer has any discretion to forego these duties.
In conclusion, therefore, it is my opinion that a special election to fill a vacancy must be held in accordance with the duly issued proclamation, notwithstanding the fact that only one candidate has qualified to have his name placed on the ballot. This is a matter falling within the legislature's authority to regulate, and I have found no procedure or provision suggesting that an election does not have to be held under such circumstances. The General Assembly may wish to enact remedial legislation at the next legislative session in order to rectify this situation. But if faced with the question, a court would, in my opinion, be constrained under current law to order an election.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] An exception is made in the case of mayor and circuit clerk. See
A.C.A. §§ 7-5-208(f)(2)(A) and (B) and 7-5-315(1).